IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID JAMES WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEAN TRANSPORTATION, INC, et al, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:19-cv-00750 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

## DENIAL OF ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Entry of Default against Defendants Dean Transportation, Inc. and Dean Holdings, LLC. (Doc. No. 33).[1] For the following reasons, Plaintiff's Motion is **DENIED** without prejudice to refiling.

Plaintiff filed this action on August 28, 2019. (Doc. No. 1). On October 7, 2019, the Court granted a motion filed by the Defendants requesting an extension of time to file an answer to Plaintiff's Complaint. (Doc. No. 12). However, before responsive pleadings were filed, the Court stayed this matter following Defendants' notification to the Court that Defendant Dean Transportation was included as a debtor in a proceeding in the U.S. Bankruptcy Court for the Southern District of Texas. (Doc. No. 21). On October 18, 2021, Court lifted the stay. (Doc. No. 27). On this date, the Court also granted a counsel's Motion to withdraw from representation of

---

[1] On February 10, 2022, Plaintiff filed its Motion as one for Default Judgment. (Doc. No. 33). Upon review, the Court construed the Motion as one for entry of default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 35).

1

Defendant Dean Transportation, Inc. (Doc. No. 28). Counsel has not yet entered an appearance for Defendants.

A plaintiff must fulfill the procedural requirements of Fed. R. Civ. P. 55(a) and seek an entry of default prior to seeking a default judgment pursuant to Fed. R. Civ. P. 55(b). *See* Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018) (citations omitted). When seeking entry of default against a legal entity pursuant to Federal Rule of Civil Procedure 55(a), Local Rule 55.01 requires that the motion be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 that verifies proof of service and the opposing party's failure to plead or otherwise defend. L.R. 55.01.[2] Because Plaintiff's Motion does not include the required unsworn declaration, he has not yet met the technical requirements of Local Rule 55.01. Accordingly, Plaintiff's Motion for Entry of Default (Doc. No. 33) is **DENIED** without prejudice to refiling with the required declaration.

s/ Lynda M. Hill  
Lynda M. Hill  
Clerk of Court

---

[2] A copy of the Court's Local Rules can be found on the Court's website at https://www.tnmd.uscourts.gov/court-info/local-rules-and-orders/local-rules.