UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID JAMES WILLIAMS,<br><br>　　Plaintiff,<br><br>v.<br><br>DEAN TRANSPORTATION, INC., et al.,<br><br>　　Defendants. | Case No. 3:19-cv-00750<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

On September 26, 2022, the Court ordered pro se Plaintiff David James Williams to file a notice by October 17, 2022, stating his plans to prosecute this action. (Doc. No. 43.) The docket shows that Williams has not responded the Court's order and has not taken any other action to advance the litigation. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) for Williams's failure to prosecute his claims.

**I.　　Relevant Background**

This action arises out of Williams's employment as a truck driver for Dean Foods. (Doc. No. 1.) Williams states that he experienced discrimination at work after he suffered "a work[-]related injury in April 2018." (*Id.* at PageID# 4.) Williams filed a complaint on August 28, 2019, against Defendants Dean Transportation, Inc., and Dean Holdings, LLC, alleging violations of several federal laws including the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117. (Doc. No. 1.) The defendants appeared (Doc. No. 7) and, on November 15, 2019, filed a notice stating that Dean Transportation, Inc., had filed a Chapter 11 bankruptcy

petition in the United States Bankruptcy Court for the Southern District of Texas and invoking the automatic stay provision of 11 U.S.C. § 362 (Doc. No. 16). The Court stayed the action pending resolution of the bankruptcy proceedings and ordered Dean Transportation to file a notice of the status of the bankruptcy proceeding every sixty days. (Doc. No. 21.)

The Court lifted the stay on October 18, 2021, after Dean Transportation informed the Court that the bankruptcy proceedings had concluded. (Doc. No. 27.) Around the same time, counsel for Dean Transportation filed a motion to withdraw from representation, stating that he had been unable to communicate with his client since it declared bankruptcy. (Doc. No. 26.) The Court granted the motion to withdraw and ordered Dean Transportation to "ensure that new counsel . . . entered an appearance on its behalf" "by no later than December 17, 2021[.]" (Doc. No. 28, PageID# 228.) On December 9, 2021, the Court received a letter from Daniel H. Golden, who serves as the trustee of the DFC Liquidating Trust created as part of the liquidation plan entered in Dean Transportation's bankruptcy proceedings. (Doc. No. 31.) In the letter, and during a subsequent case management conference with the Court, Golden stated that the defendants would no longer defend against Williams's claims in this action. (Doc. Nos. 31, 32.) The Court notified Williams that he had until February 11, 2022, to "file any motion for default judgment or other relief . . . ." (Doc. No. 32.)

Williams filed a timely motion for default judgment asking the Court to award him damages, attorney's fees, and costs. (Doc. No. 33.) The Court construed Williams's motion as a motion for entry of default under Federal Rule of Civil Procedure 55(a). (Doc. No. 35.) On April 4, 2022, the Clerk of Court denied Williams's motion without prejudice to refiling with "an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 that verifies proof of service

and the opposing party's failure to plead or otherwise defend" as required by this Court's Local Rule 55.01. (Doc. No. 36, PageID# 279.)

More than five months passed, and Williams did not refile his motion for entry of default. On September 26, 2022, the Court ordered Williams "to file a notice by no later than October 17, 2022, of his plans to continue to prosecute this action, including by filing a renewed motion for entry of default." (Doc. No. 43, PageID# 290.) The Court warned Williams "that failure to file a notice by that date may result in a recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.* at PageID# 291.) Williams has not responded to the Court's order.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the

defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.      Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Williams.

**A.     Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting

*Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Williams's failure to refile his motion for entry of default and to file a notice of his plans to prosecute this action. However, because the Court warned Williams that failure to file a notice of his plans to prosecute could result in dismissal, that failure is indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tips the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *cf. Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

The defendants stopped participating in this action nearly a year ago, and there is no indication that Williams's conduct has prejudiced them in any way. The second factor therefore weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Williams that failure to file a notice regarding his plans to prosecute by October 17, 2022, might result in a recommendation that his claims be dismissed for failure to prosecute. (Doc. No. 43.) This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Williams's failure to prosecute his claims.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 9th day of November, 2022.

ALISTAIR E. NEWBERN
United States Magistrate Judge