IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DAVID JAMES WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | NO. 3:19-cv-00750 |
| v. | ) | JUDGE RICHARDSON |
| DEAN TRANSPORTATION, INC., et al., | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 44, "R&R"), wherein the Magistrate Judge recommends that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. No parties have filed an objection within 14 days as required by Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Id*. at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made.

*Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Accordingly, the R&R (Doc. No. 44) is ADOPTED. The case is DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. The Renewed Motion for Entry of Default (Doc. No. 45 "Motion") filed November 29, 2022 is DENIED as moot.[1]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] Neither the Motion, nor either of the two documents Plaintiff filed together with the Motion (Doc. Nos. 45-1, 45-2), constitutes an objection to the R&R, because none of them asserts any objections to the R&R, specific or otherwise. Even if one or more of these three documents could be treated as an objection, it would have been too late; based on Plaintiff's own statement in his "Apology to the Courts," he received a copy of the R&R on November 10, 2022, well over 14 days prior to his completion of these documents, each of which Plaintiff dated November 28, 2022. (Doc. No. 45-2). This tardiness is all the more inexcusable because the whole gist of the R&R is that this action is subject to dismissal due to Plaintiff's tardiness; therefore, to say the least, it would have behooved Plaintiff to have submitted a timely objection to the R&R.